**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LAVAR MONTE THOMPSON,

Petitioner,

v. Case No. 3:21-cv-1056-TJC-LLL

SECRETARY, DEPARTMENT OF CORRECTIONS, and FLORIDA ATTORNEY GENERAL,

Respondents.

---

# ORDER

## I. Status

Petitioner Lavar Monte Thompson, an inmate of the Florida penal system serving consecutive life sentences, is proceeding pro se on an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. See Doc. 11. Respondents move to dismiss the Amended Petition with prejudice as untimely. See Doc. 15.[1] Petitioner has elected not to file a reply. See Doc. 19.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

---

[1] Respondents' exhibits attached to their response will be cited as "Resp. Ex."

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. Analysis

On January 20, 2016, a jury found Petitioner guilty of first-degree murder (count one); home-invasion robbery with a firearm (count two); burglary with a firearm, assault, and battery (count four); kidnapping (counts five and six); and arson (counts seven and eight),[2] as charged in the indictment filed in Union County Circuit Court case No. 2012-CF-3.[3] See Resp. Ex. A at 2–5; Resp. Ex. I at 143–47. On April 7, 2016, the trial court sentenced Petitioner to consecutive life sentences on counts one, two, four, five, and six, and fifteen years in prison on counts seven and eight. See Resp. Exs. C, D. On August 3, 2018, Florida's First District Court of Appeal (First DCA) per curiam affirmed Petitioner's convictions and sentences in a written opinion, see Thompson v. State, 253 So. 3d 684 (Fla. 1st DCA 2018), and issued the mandate on August 24, 2018. See Resp. Ex. H.

[2] Count three of the indictment charged Petitioner's co-defendant with aggravated assault. See Resp. Ex. A at 3–4.

[3] The Court takes judicial notice of Petitioner's state court dockets. See Paez v. Sec'y, Fla. Dep't of Corrs., 947 F.3d 649, 651–52 (11th Cir. 2020) (holding that a district court may take judicial notice of online state court docket sheets in ruling on a petition for writ of habeas corpus).

Because the First DCA issued a written opinion, Petitioner could seek discretionary review with the Florida Supreme Court within thirty days of the date of the First DCA's opinion. See Fla. R. App. P. 9.120(b); see also Florida Star v. B.J.F., 530 So. 2d 286 (Fla. 1988) (holding that the Florida Supreme Court has subject matter jurisdiction to review any decision of a district court of appeal that expressly addresses a question of law within the four corners of the opinion, even if the Florida Supreme Court ultimately denies a petition for discretionary review).[4] "The fact that review in the highest court is discretionary is irrelevant; the litigant still must seek such review in order to proceed to the United States Supreme Court." Florida Star, 530 So. 2d at 289. Further, because Petitioner could have petitioned for review with the United States Supreme Court only after "the highest court" of the state—the Florida Supreme Court—either denied review or issued an opinion, Petitioner is not entitled to the additional ninety-day window to determine the date of finality.[5] See 28 U.S.C. § 1257(a) (providing that the United States Supreme Court

[4] In contrast, a Florida DCA's "decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause, and appeal may be taken directly to the United States Supreme Court." Florida Star, 530 So. 2d at 289 n.3. Because the First DCA affirmed Petitioner's convictions in a written opinion "contain[ing] a statement or citation effectively establishing [the] point of law upon which the decision rest[ed]," the Florida Supreme Court had jurisdiction to review the opinion. Id. at 288.

[5] Apparently relying on the ninety-day window, Petitioner mistakenly asserts that his convictions became final on November 1, 2018. See Doc. 11 at 28.

reviews "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"); Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006) (holding that the petitioner was not entitled to the 90-day period in calculating federal habeas statute of limitations because he first did not seek review in the Georgia Supreme Court).

Since Petitioner did not seek review with the Florida Supreme Court, his judgments and sentences became final when the time to seek that review expired – on September 3, 2018.[6] See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); see also Vaughn v. Sec'y, Fla. Dep't of Corrs., No. 3:18-cv-1005-TJC-PDB, 2021 WL 2941783, *2 (M.D. Fla. July 13, 2021)[7] ("Petitioner did not seek review with the Florida Supreme Court, and so Petitioner's judgment and sentence became final when the time to seek that review expired[.]").

Petitioner's one-year statute of limitations began to run the next day – September 4, 2018, see Fed. R. Civ. P. 6(a)(1), and ran for 343 days until August

---

[6] Because the thirtieth day fell on Sunday, September 2, 2018, Petitioner had until Monday, September 3, 2018, to seek review. See Fed. R. Civ. P. 6(a)(1)(C).

[7] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

13, 2019, when Petitioner filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. See Resp. Ex. I at 66–93. Petitioner's Rule 3.850 motion tolled the limitations period until March 10, 2021, when the First DCA issued the mandate affirming the trial court's denial of that motion. See Thompson v. State, 311 So. 3d 836 (table) (Fla. 1st DCA 2021); Resp. Ex. I at 51–53, 126–41; Resp. Exs. K, L. But, because in the interim Petitioner also filed a pro se petition alleging ineffective assistance of appellate counsel on August 3, 2020, the limitations period remained tolled until August 26, 2021, when the First DCA denied that petition on the merits.[8] See Thompson v. State, 324 So. 3d 69 (Fla. 1st DCA 2021); Resp. Exs. M, N, O.

The next day, August 27, 2021, the limitations period commenced running, and ran for 22 days until it expired on Monday, September 20, 2021 (September 18, 2021 was a Saturday), without another properly filed motion to toll the limitations period. Petitioner filed his original Petition in this Court on October 15, 2021, and his Amended Petition on September 22, 2023.[9] See Docs. 1, 11.

---

[8] Because a state habeas petition falls within the original jurisdiction of the Florida appellate court, no mandate is required. See Felton v. Florida, 153 F. App'x 620, 621 (11th Cir. 2005); Fla. R. App. P. 9.030(b)(3), 9.141(c).

[9] Because Petitioner's Amended Petition is virtually identical to his original Petition, except for the newly exhausted ground ten, it relates back to the filing date of the original Petition. See Mayle v. Felix, 545 U.S. 644, 648 (2005) (stating that "pleading amendments relate back to the filing date of the original pleading when both

Notably, Petitioner's successive Rule 3.850 motion, filed on August 30, 2021, did not toll the limitations period because it was denied as untimely, procedurally barred, and meritless.[10] See Resp. Ex. P at 33–45, 90–92. Because the successive Rule 3.850 motion was denied as untimely, it was not a "properly filed" motion, and thus did not statutorily toll the one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005) (holding that when a state court rejects a post-conviction motion as untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)," meaning that the motion is not "properly filed" and petitioner is not entitled to statutory tolling); Jones v. Sec'y, Fla. Dep't of Corrs., 906 F.3d 1339, 1350 (11th Cir. 2018) (deferring to the state court's ruling that a Rule 3.850 motion was untimely and thus finding that the motion was not "properly filed" and did not toll AEDPA's one-year limitations period); Webster v. Moore, 199 F.3d 1256, 1257–59 (11th Cir. 2000) (finding that a Rule 3.850 motion that the state court dismissed as untimely was not "properly filed" within the meaning of § 2244(d)(2) so as to entitle petitioner to statutory tolling and explaining that a federal court must give due deference to a state court's application of state filing deadlines in the context of

---

the original plea[ding] and the amendment arise out of the same 'conduct, transaction, or occurrence'") (citing Fed. R. Civ. P. 15(c)(2)).

[10] The First DCA per curiam affirmed the trial court's denial of the successive Rule 3.850 motion without a written opinion in Thompson v. State, 368 So. 3d 411 (Fla. 1st DCA 2023), and issued the mandate on August 22, 2023. See Resp. Ex. Q.

§ 2244(d)(2)); Foley v. Sec'y, Fla. Dep't of Corrs., No. 3:19-cv-986-TJC-PDB, 2021 WL 4690668, at *3 (M.D. Fla. Oct. 7, 2021) (deferring to a state court's ruling that a 3.850 motion was untimely and thus not "properly filed" for purposes of tolling the AEDPA limitations period). Importantly, the fact that the trial court also considered the merits of Petitioner's successive Rule 3.850 motion does not affect the Court's conclusion that the motion was not "properly filed." See Jones, 906 F.3d at 1346 n.3 (citing Carey v. Saffold, 536 U.S. 214, 226 (2002), for the proposition that if a state court finds a post-conviction motion to be untimely, that finding conclusively resolves the issue "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").

Based on the foregoing, the Amended Petition, which relates back to the filing date of the original Petition, must be dismissed as untimely, unless Petitioner can establish either equitable tolling or actual innocence. Petitioner does not argue that he is entitled to equitable tolling and there are no allegations that would support due diligence or extraordinary circumstances beyond his control. See Holland v. Florida, 560 U.S. 631, 649 (2010); Cadet v. Fla. Dep't of Corrs., 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does he claim actual innocence as a gateway to federal habeas review. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Amended Petition (Doc. 11) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed

in this case. Such termination shall serve as a denial of the motion.[11]

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of August, 2026.

Timothy J. Corrigan
TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-11
C: Lavar Monte Thompson, #G05821
Counsel of Record

---

[11] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.